UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ANTONIO S. BROWN                                                                           PLAINTIFF

VERSUS                                                          CIVIL ACTION NO. 1:16CV241-RHW

HUBERT DAVIS et al                                                                      DEFENDANTS

## ORDER OF DISMISSAL

Plaintiff Antonio S. Brown, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 prisoner civil rights complaint alleging an injury from a slip-and-fall in the shower at the South Mississippi Correctional Institution (SMCI). Doc. [1]. The Court conducted a screening hearing on October 27, 2016, at which time Plaintiff testified under oath. Minute Entry (10/27/2016). The parties have consented to proceedings before a United States Magistrate Judge. Doc. [21] & [23].

Plaintiff alleges that he fell in the shower because of a hole with broken tile pieces. At the hearing, Plaintiff indicated that there were seven or eight broken tiles, each tile about one inch square. The broken tiles ripped the toenail off of the third toe on his left foot. Plaintiff also alleges that he suffered back pain and that he re-aggravated a surgically repaired hernia as a result of the fall. Plaintiff asserts that Defendants knew of the hazardous condition in the shower prior to the accident but failed to repair it.

The Court finds that Plaintiff's complaint should be dismissed for failure to state a constitutional claim. Plaintiff's allegations amount to nothing more than a state-law negligence claim. *See McLaughlin v. Farries*, 122 Fed.Appx. 692, 693 (5th Cir. 2004)(holding that jail officials being aware of leaky air conditioning unit and negligently failing to clean up water that

caused inmate's slip-and-fall did not state § 1983 claim); *Benton v. Grant*, 31 Fed. Appx. 160 (5th Cir. 2001); *Marsh v. Jones*, 53 F.3d 707, 711-12 (5th Cir. 1995)(inmate's alleged damages stemming from slip-and-fall due to leaky air conditioning unit not actionable under § 1983); *Bowie v. Procunier*, 808 F.2d 1142, 1143 (5th Cir. 1987)(allegations of prison authorities' negligence insufficient to state § 1983 cause of action); *Walker v. Reed*, 104 F.3d 156, 157-58 (8th Cir. 1997)(affirming district court's dismissal of § 1983 claim as frivolous based on inmate's slip-and-fall on water in bathroom).  He does not assert the violation of any right under the federal Constitution; therefore, his complaint should be dismissed for failing to state claim.

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff's 42 U.S.C. § 1983 complaint is hereby dismissed with prejudice pursuant to 28 U.S.C. § 1915(d)(2)(B)(ii) and § 1915A(b)(1), as to all claims and all Defendants, for failure to state a claim.  Plaintiff is cautioned that his dismissal for failure to state a claim constitutes a strike under 28 U.S.C. § 1915(g).  If Plaintiff accumulates three strikes he will be barred from bringing a civil action or appeal a judgment in a civil action proceeding under § 1915, unless Plaintiff is under imminent danger of serious physical injury.

SO ORDERED, this the 9th day of November, 2016.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE